**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Ricardo GRACIA–TIJERINA,**
**Defendant–Appellant.**

**No. 07–40222**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Ricardo Gracia–Tijerina has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Gracia–Tijerina has not filed a response. Our independent

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

review of the record and counsel's brief discloses no nonfrivolous issue for appeal. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Armando ARMENDARIZ–MORENO,**
**also known as Armando Moreno–**
**Ortiz, Defendant–Appellant.**

**No. 07–40225**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timoteo E. Gomez, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

published and is not precedent except under

PER CURIAM: *

Armando Armendariz–Moreno (Armendariz) pleaded guilty to illegal reentry after deportation and after having been convicted of an aggravated felony.

On appeal, Armendariz challenges the district court's characterization of his prior Texas conviction of unauthorized use of a motor vehicle as an aggravated felony for sentencing purposes. Armendariz concedes that this issue is foreclosed, but he nevertheless seeks to preserve it for Supreme Court review in light of the Supreme Court's decision in *Leocal v. Ashcroft*, 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004). As Armendariz concedes, this issue is foreclosed. *See Brieva–Perez v. Gonzales*, 482 F.3d 356, 360–61 (5th Cir.2007); *United States v. Galvan–Rodriguez*, 169 F.3d 217, 219–20 (5th Cir.1999).

In light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Armendariz also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." *United States v. Pineda–Arrellano*, 492 F.3d 624, 625 (5th Cir.2007), *cert. denied* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008).

AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.